IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| DAVID PAUL BAKER, | : |
| Plaintiff, | : |
| | : CIVIL ACTION FILE |
| VS. | : NO.  1:08-CV-14 (WLS) |
| JAMES DONALD, et al., | : |
| Defendants. | : |

ORDER and RECOMMENDATION

This is a section 1983 action brought by a State of Georgia prisoner who is proceeding *pro se*. On March 21, 2007, he was evidently attacked by other inmates at Autry State Prison. As a result of the injuries he sustained in the attack he was transported to Phoebe Putney Memorial Hospital in Albany, Georgia where he was treated for a period of time before before being returned to the prison.  He brings what is essentially a failure to protect action against the named Defendants.

The Defendants have filed a pre-answer Motion to Dismiss, in which it is argued that the Plaintiff has failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before filing suit, that he has failed to state a claim upon which relief may be granted, that the Defendants are protected by the doctrine of qualified immunity, that the complaint fails to state a claim for damages from the supervising Defendants, and that his complaint fails to state a claim for declaratory or injunctive relief.  (Doc. 22-2).

Consideration will first be given to the failure to exhaust argument as it is very clear that if Plaintiff has failed to exhaust his available administrative remedies prior to filing suit dismissal of the complaint is mandatory.  In 1996 the PLRA became effective.  Section 1997e(a) of that act

provides that:

> No action shall be brought with respect to prison conditions under Section 1979 of the revised statutes of the United States, 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In support of their failure to exhaust argument Defendants have submitted a copy of the Georgia Department of Corrections Standard Operating Procedures IIB05-0001 pertaining to the grievance procedure (doc. 22-3), the affidavit of Shevonda Fields, Unit Manager of the Office of Inmate Affairs for the Georgia Department of Corrections (doc. 22-4), and the affidavit of Defendant Brian Keith Jones, Deputy Warden of Care and Treatment at Autry State Prison (doc. 22-5). Normally, inasmuch as matters outside the pleadings are being considered in addressing this Motion to Dismiss, Federal Rule of Civil Procedure 12(d) would require that the motion be converted to one seeking summary judgment. However, the Eleventh Circuit Court of Appeals along with several other Circuits, now consider a Motion to Dismiss for failure to exhaust to be a matter in abatement making consideration of matters outside the pleadings appropriate. "Where exhaustion - like jurisdiction, venue, and service of process - is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Bryant v. Rich, 530 F.3d 1368, 1376 (11th Cir. 2008).

In determining whether Plaintiff exhausted his available administrative remedies before bringing this action the above referenced affidavits will be quoted extensively. The following is quoted directly from the affidavit of Shevonda Fields (doc. # 22-4):

6.

All GDC prisons maintain a grievance process which is subject to clear guidelines and available to all offenders.  This process provides an open and meaningful forum for inmate complaints and the resolution of these complaints.

7.

Upon entering GDC, each inmate receives an oral explanation of the grievance process, as well as a copy of the Orientation Handbook for Offenders, which includes instructions about the procedure.  Inmates may also review a copy of GDC Standard Operating Procedure ("SOP") IIB05-0001, the procedure governing inmate grievances, in the prison's Library.

8.

The prison grievance process, pursuant to SOP IIB05-001, requires inmates to first file an informal grievance.  Inmates are required to file the informal grievance form no later that ten (10) calendar days from the date the offender knew, or should have known , of the facts giving rise to the grievance.

9.

Informal grievance forms are available in the control rooms of all living units. Inmates in isolation and segregated areas are provided a form upon request, and can get an informal grievance form from either their counselors or the officers on duty. Inmates have access to the dorm counselor on a regular basis and see the officer on duty on a daily basis.

10.

Once the grievance is submitted, the inmate receives a receipt noting the date of submission. A written response is given within ten (10) calendar days of receipt of the informal grievance form; responses are provided by the inmate's counselor.

11.

If the inmate feels that the informal grievance is not resolved, the inmate may file a formal grievance.  Formal grievances are available from the inmate's counselor and are required to be completed within five (5) business days of the inmate's receipt of the written resolution of the informal grievance.

13.

>The Warden provides a written response to the inmate, stating the reasons for the decision reached.  The inmate is advised of the appeal procedure and grievance appeal form is provided upon request.
>
>14.
>
>The entire formal grievance process must be completed within thirty (30) calendar days from the date the formal grievance was filed with the counselor.
>
>16.
>
>If the formal grievance is denied at the institutional level, an appeal may be filed with the Commissioner's office.  The inmate may appeal the Warden's decision within five (5) business days; this appeal is forwarded to Inmates Affairs for review and determination.  **This review is the final step in the Department's administrative process.**  (Emphasis added).
>
>19.
>
>In addition to the emergency grievance procedure, in an inmate feels threatened, an informal grievance may be filed out of time.  For instance, the inmate may file an out of time grievance when he is transferred.  All such out of time grievances are reviewed for good cause.
>
>20.
>
>**If, however, the out of time grievance is determined not to have been filed out of time for good cause, the inmate has an opportunity to appeal the denial to the Unit Manager and to provide an explanation on page one of the grievance form of why the grievance is being filed out of time.**  (Emphasis added).
>
>23.
>
>**Inmate Baker has neither filed nor appealed a formal grievance relating to and inmate on inmate assault or inadequacy of medical care occurring on March 21, 2007.**  (Emphasis added).

The following is quoted directly from the affidavit of Defendant Brian Keith Jones (doc. # 22-5):

>6.
>
>A review of inmate Baker's institutional files reveals that on April 30, 2007, inmate Baker filed an Informal Grievance relating to a March 21, 2007 incident in which he was allegedly assaulted by other inmates.  This grievance was rejected for its

untimely filing as the inmate failed to provide good cause for the delay, pursuant to SOP IIB05-001.  Inmate Baker did not appeal the denial to ASP's Unit Manager.

7.

Inmate Baker claimed that the grievance was untimely filed as a result of his being placed in segregation and not having access to the grievance filing prosess.

8.

A review of his institutional files and movement history records, however, reveals that inmate Baker was transferred out of segregation and placed in general population on April 5, 2007.  His informal grievance was filed on April 30, 2007, over three weeks after his transfer to general population.

There is no doubt but that a prisoner must fully exhaust all of his available administrative remedies as required by the PLRA **before** seeking relief in Federal court (Emphasis added). This means that a prisoner must complete the appeal process.

*See* . Woodford v. Ngo, 126 S. Ct. 2378 (2006); Porter v. Nussle, 122 S. Ct. 983 (2002); Booth v. Churner, 121 S. Ct. 1819 (2001); Bryant v. Rich, 530 F.3d 1368 (11th Cir 2008); Higginbottom v. Carter, 223 F.3d 1259 (11th Cir. 2000) Harper v. Jenkin, 179 F. 3d 1311 (11th Cir. 1999);  Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998); Alexander v. Hawk, 159 F.3d 1321 (11th Cir 1998).

In this case, assuming that Plaintiff could not obtain an informal grievance form while in medical segregation, he should not have waited twenty five days after his return to general population before filing his clearly untimely informal grievance.  He failed to provide good cause for the delay and also failed to appeal the rejection of the untimely informal grievance for want of good cause to the Unit Manager at Autry State Prison.  He did not file a formal grievance as he could have, just as he could have appealed to the Commissioner's office the denial of his formal grievance at the institutional level.  While the Court is not unsympathetic to

5

Plaintiff's injuries, the PLRA and the above cited cases from the United States Supreme Court and the Eleventh Circuit Court of Appeals require the granting of the Defendants' Motion to Dismiss for lack of exhaustion.  IT IS SO RECOMMENDED.  Inasmuch as the undersigned has concluded that the Defendants' motion must be granted for the above stated reasons the other grounds raised in the motion will not be addressed.

Further, inasmuch as the undersigned has recommended the granting of Defendants' motion, Plaintiff's Motion to Compel is DENIED as MOOT.[1]  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO ORDERED and RECOMMENDED,** this 3rd day of February 2009.

> */s/ Richard L. Hodge*
> RICHARD L. HODGE
> UNITED STATES MAGISTRATE JUDGE

---

[1] In the event the United States District Judge rejects this Recommendation Defendants will file their answer and the ninety (90) day discovery period will commence at that time.